IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIA JACQUELINE DICENT,

      Plaintiff,

v.

      3:17-CV-01488
      (JUDGE MARIANI)

KAPLAN UNIVERSITY,

      Defendant.

## ORDER

**AND NOW, THIS 30TH DAY OF AUGUST, 2018**, upon *de novo* review of Magistrate Judge Saporito's Report and Recommendation ("R&R") (Doc. 21), Plaintiff's Objections[1] thereto (Doc. 22), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 21) is **ADOPTED** for the reasons stated therein.[2]

---

[1] Following the issuance of the R&R, Plaintiff filed a document entitled "Appeal to the Report and Recommendation" (Doc. 22), which the Court interprets as Plaintiff's Objections.

[2] To the extent that any argument can be made that Plaintiff was not provided notice that Defendant's motion to dismiss and compel arbitration would be converted to a motion for summary judgment standard, Magistrate Judge Saporito's R&R provided Plaintiff with the requisite notice and opportunity to object and present any arguments or additional evidence relevant to the dispositive issues. *See, Watts v. Herbick*, 2009 WL 3152089, at *7 n.9 (W.D. Pa. 2009), *aff'd sub nom. Watts v. Herbik*, 364 F. App'x. 723 (3d Cir. 2010) ("To the extent that any one of the grounds relied upon in this report to recommend the grant of summary judgment was not raised by the Defendants, the Court has power to sua sponte grant summary judgment so long as the losing party has notice and an opportunity to be heard. This report and recommendation can serve as the necessary notice; and the opportunity to object, provides Plaintiff with the opportunity to present any further evidence he may have with respect to the dispositive issues.") (internal citations and quotations omitted).

Here, Plaintiff admits that, because Defendant "submitted the evidence that needed to be evaluated" and she submitted an Answer to Defendant's Motion to Dismiss and Compel Arbitration, "everything the court needed was filed." (Doc. 22, at 2).

2. Plaintiff's Objections (Doc. 22) are **OVERRULED**. Plaintiff's Objections reiterate the arguments made in her brief in opposition to Defendant's motion, namely, that she did not consent to arbitrate when she e-signed documents to enroll at Kaplan. As elaborated upon in Plaintiff's brief in opposition to Defendant's motion (Doc. 15), Plaintiff's argument that she did not consent to arbitrate is premised on her assertion that her e-signature "was used without my consent" and that the e-signature is "fictitious." However, Plaintiff has not offered any evidence to support this assertion. In fact, Plaintiff has acknowledged that the Kaplan University enrollment process, which includes the electronic signature verification process, was used by Kaplan and the plaintiff to enter into all of the documents which were required to be executed by her as a condition of her enrollment. Thus, when Plaintiff argues, "[e]ven if the agreement was part of the packet, it was never presented to me", she ignores the undisputed facts that the enrollment packet contained several documents, among which was the Arbitration Agreement and Waiver of Jury Trial and that her single act of clicking the "Electronically Sign" button operated to place her electronic signature on each of the documents that comprised, collectively, the "Enrollment Packet". Accordingly, Plaintiff's assertion that she "never consented for my e-signature to be attached to any documents" is flatly contrary to the evidence of record. Further, as Magistrate Judge Saporito explained, following citation to a collection of cases, "Kaplan's security measures

used to verify the electronic signature of Dicent were sufficient to comply with 73 P.S. § 2260.305. Accordingly, Dicent has failed to create a genuine issue of fact as to whether she assented to the Arbitration Agreement." (Doc. 21, at 14).

Robert D. Mariani
United States District Judge